IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00768-PSF-MJW

CONNIE LANFORD,

    Plaintiff,

v.

MILE HIGH HARLEY DAVIDSON, LLC, a Colorado limited liability company; and RAY COOPER, an individual,

    Defendants.

## ORDER GRANTING DEFENDANT RAY COOPER'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Ray Cooper's Motion to Dismiss (Dkt. # 7), filed May 23, 2005. In this action, Plaintiff Connie Lanford brings four claims for relief under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, related to alleged employment discrimination by her former employer, Defendant Mile High Harley Davidson, LLC ("Mile High"), and its owner, Defendant Ray Cooper. In his motion, Mr. Cooper seeks dismissal of all claims against him individually, arguing that "because personal liability does not exist under Title VII, [he] is not a proper defendant in this case and should be dismissed from this matter." Motion to Dismiss at 3.

Ms. Lanford was employed as a "Motor Clothes Employee" at Mile High beginning in August 2002. She alleges that Mr. Cooper, and other Mile High supervisors, began verbally and physically harassing her in April 2003. While Ms.

Lanford contends that she requested on numerous occasions that the allegedly inappropriate behavior be discontinued, she continued to be harassed until July 19, 2004, when she terminated her employment with Mile High.

Based upon these allegations, Ms. Lanford asserts the following claims for relief: gender discrimination based on disparate treatment; constructive discharge; sexual harassment *quid pro quo*; and, sexual harassment based on hostile work environment. She asserts each claim against Mile High and Mr. Cooper individually. Mile High denies these allegations and assert the following affirmative defenses: failure to state a claim upon which relief can be granted; failure to mitigate damages; reasonable and good faith conduct; statute of limitations; failure to exhaust administrative remedies; business justification; and after-acquired evidence.

The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, see *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive. See *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). The purpose of Rule 12(b)(6) motions is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

Mr. Cooper, an individual defendant, asserts that he may not be held individually liable under Ms. Lanford's four claims for relief to the extent the claims assert violations

by him of Title VII.  He is correct.  It is well-settled law that Title VII violations may only be asserted against an employer.  *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir 1996) ("Accordingly, we continue to adhere to this court's established, pre-amendment rule that personal capacity suits against individual supervisors are inappropriate under Title VII."); *Butler v. City of Prairie Village, Kansas,* 172 F.3d 736, 744 (10th Cir. 1999). While Ms. Lanford urges this Court to "revisit the issue of whether an employer's agent may be held individually liable for discriminatory actions under Title VII," Response to Motion to Dismiss at 1, this Court has no authority to disregard the well-settled Tenth Circuit precedent set forth in these cases.  To be sure, Ms. Lanford offers no support in favor of her approach.  Therefore, her Title VII claims may proceed only against her employer, Mile High.  Of course, nothing precludes Ms. Lanford from basing her theory of recovery against Mile High on Mr. Cooper's alleged improper conduct.

The Court therefore GRANTS Defendant Ray Cooper's Motion to Dismiss (Dkt. # 7), filed May 23, 2005.  As no common law tort claims are averred specifically against Defendant Cooper, judgment shall be entered on his behalf as to Ms. Lanford's claims to the extent asserted against him individually, because they appear to be based upon Title VII or directed against solely against Mile High.

DATED: August 24, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge

3