IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 05-CV-00768-PSF-MJW

CONNIE LANFORD,

    Plaintiff,

v.

MILE HIGH HARLEY DAVIDSON, LLC, a Colorado Limited Liability Company.

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

    This matter is before the Court on the parties' Stipulated Motion for Entry of Protective Order Concerning Confidential Information pursuant to Fed. R. Civ. P. 26(c).  This Court has been duly advised in the premises, finds that good cause has been shown, and grants the same as follows:

    WHEREAS, the parties to this action believe that certain interrogatories, requests for admission, requests for production of documents, subpoenas of non-parties, and depositions of parties and non-parties may require disclosure of confidential information within the meaning of Fed. R. Civ. P. 26(c)(7);

    WHEREAS, counsel for the parties have agreed that the following Stipulated Protective

Order shall govern the use and handling of documents, depositions, deposition exhibits, and other written, recorded, or graphic matter and materials produced during discovery ("Produced Materials") by any of the parties to this action or third parties responding to a discovery request or subpoena (a "Producing Party") which contain confidential information;

IT IS HEREBY ORDERED, that if, pursuant to proceedings in this action, any party (a) produces information or permits inspection or copying of any tangible thing, whether informally or in response to oral examination, written interrogatories, requests for admission, requests for production of documents, requests for inspection, subpoena, or subpoena duces tecum, which any party or other person claims to constitute confidential information, or (b) receives, by an oral or written communication, information which any party or other person claims to constitute confidential information, the following procedures shall be employed and the following restrictions shall govern:

1.      Designation of CONFIDENTIAL Material

       a.      In responding to a request for discovery in this action, a Producing Party may designate as "CONFIDENTIAL" pursuant to this Stipulated Protective Order any Produced Materials that the Producing Party in good faith considers to reflect or reveal confidential information in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or by agreement to be kept confidential. All such designated material, all copies, excerpts, and summaries thereof, and all information contained therein shall hereinafter be referred to as "CONFIDENTIAL Material".

       b.      Agreeing to, and/or producing or receiving CONFIDENTIAL Material, or

00227294 / 1

otherwise complying with the terms of this Stipulated Protective Order shall not (i) operate as an admission that any particular Produced Material contains or reflects confidential information; (ii) prevent the parties to this Stipulated Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material; (iii) prejudice in any way the rights of a Producing Party to object to the production of documents they consider not subject to discovery; (iv) prejudice in any way the rights of a party to seek a determination by the Court that particular material be produced; or (v) prejudice in any way the rights of a party to apply to the Court for further protective orders, or modifications hereof.

2.  <u>Labeling and Marking of CONFIDENTIAL Material</u>.  The designation of discovery material and information as CONFIDENTIAL Material for purposes of this Stipulated Protective Order shall be made in the following manner:

a. In the case of documents or other materials (apart from depositions or other pretrial testimony) exchanged between the parties: by affixing the legend "CONFIDENTIAL" to each page containing anything "CONFIDENTIAL" except that in the case of multi-page documents bound together by staple or other permanent binding, the notice "CONFIDENTIAL" need only be stamped on the first page of the document in order for the entire document to be treated as confidential;

b. In the case of depositions or other pretrial testimony: (a) by a statement on the record, by counsel, at the time of such disclosure; or (b) by written notice, sent by counsel to all parties within ten days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing that the appropriate Confidentiality legend be affixed to the first

page of the original and all copies of the transcript containing any CONFIDENTIAL Material. Each transcript volume designated as CONFIDENTIAL Material in this action shall be deemed CONFIDENTIAL Material in its entirety except as otherwise agreed;

  c. With regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner;

  d. The initial failure to designate information in accordance with this Stipulated Protective Order shall not preclude any party from subsequently designating any information "CONFIDENTIAL." A party must provide written notice to counsel of record for the receiving party designating the previously produced information as "CONFIDENTIAL." The party in receipt of such designated material shall restrict the disclosure of such information to only those persons qualified pursuant to this Stipulated Protective Order, and, if such information has previously been disclosed to persons not so qualified, it shall take reasonable efforts to obtain all such previously disclosed information and advise such persons of the claim of confidentiality.

3. <u>Objection to Designation of CONFIDENTIAL Material</u>.  At any time during the pendency of this action, any party may object to the designation of any Produced Material as "CONFIDENTIAL" or may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such an application is pending, the Produced Material in question shall be treated as CONFIDENTIAL Material pursuant to this Stipulated Protective Order.

00227294 / 1

4.     Disclosure and Use of CONFIDENTIAL Material

a.     CONFIDENTIAL Material shall be used solely for purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, except as set forth in subparagraph (b)(ix) below.

b.     The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing the document to any person who appears as the author, an addressee or recipient on the face of the document, or who has been identified by the designating party as having been provided with the document or the information therein by the designating party. Also, CONFIDENTIAL Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

i.     the parties or the parties' employees or representatives, so long as the recipients have agreed to be bound by the terms of the Stipulated Protective Order.

ii.     outside or inside counsel for the parties in this action who have a need to know such information to fulfill their duties and responsibilities in connection with this litigation, and regular and temporary employees of those counsel to the extent necessary to assist such counsel in the conduct in this litigation in accordance with this Stipulated Protective Order;

iii.     independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of this litigation only when, prior to any disclosure of material designated as CONFIDENTIAL, said persons have been informed of the terms of this Stipulated Protective Order and have agreed to be bound thereby;

      iv.    witnesses and potential witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this action;

      v.    the Court and its employees, any court reporters employed in connection with this action, and the jury, if any;

      vi.    any photocopy services or graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action, or any document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases;

      vii.    any non-technical jury or trial consultants retained in connection with this action; and

      viii.    others as to whom the Producing Party has given written consent.

      ix.    the confidential information that is disclosed in accordance with the Stipulated Protective Order in this case may also be used in <u>Anna Hurd v. Mile High Harley Davidson, LLC, et al.</u>, United States District Court, District of Colorado, Case No. 05-CV-1350-RPM-BNB (herein "the <u>Hurd</u> matter"), once a similar Stipulated Protective Order is approved by the Court in that matter.

    c.    This Stipulated Protective Order has no effect on and shall not apply to a Producing Party's use of its own CONFIDENTIAL Material for any purpose.

5.    <u>Examination of Witnesses</u>

    a.    Any current employee or expert witness of a party may be examined at trial or upon deposition concerning any CONFIDENTIAL Material of such party.

00227294 / 1

6.  <u>Filing of CONFIDENTIAL Material</u>.  In the event that counsel for any party determines to file with or submit to the Court any CONFIDENTIAL Material or information contained therein, or any papers containing or disclosing such material or information, such documents shall be filed using the Court's ECF procedures for filing documents under seal **and consistent with D.C.Colo.LCivR 7.2 and 7.3.**

7.  <u>Unauthorized Disclosure</u>.  In the event of disclosure of any CONFIDENTIAL Material to a person not authorized for access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose CONFIDENTIAL Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made.

8.  <u>Additional Parties</u>.  In the event additional parties join or are joined in this action, they shall not have access to CONFIDENTIAL Material until the newly joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulated Protective Order.

9.  <u>Maintenance of CONFIDENTIAL Material</u>

   a.  Except as specified in subsection (b) below, all CONFIDENTIAL Material shall be maintained at all times in the law offices of either party with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Stipulated Protective Order, provided that counsel may temporarily furnish copies to

experts and to the persons listed in Section 4 above to the extent necessary for the preparation for depositions, trial, or any hearing.

      b.      Notwithstanding subsection (a) above, CONFIDENTIAL Material may be temporarily removed from the facilities identified above for the purposes of conducting depositions, preparation of witnesses for depositions and witness interviews as permitted by this Stipulated Protective Order, consultation with experts or consultants, photocopying, imaging and database preparation, and hearings, conferences and trial of this action in this Court and any appeals of this action. Reasonable precautions shall be taken to ensure that access to CONFIDENTIAL Material is restricted to persons entitled to have such access pursuant to this Stipulated Protective Order.

10.      <u>Termination of Access</u>

      a.      In the event that any person or party ceases to be engaged in the conduct of this litigation, such person's or party's access to CONFIDENTIAL Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Section 11 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this litigation.

      b.      The provisions of this Stipulated Protective Order shall remain in full force and effect as to any person or party who previously had access to CONFIDENTIAL Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

11.      <u>Duration of Order, Return of CONFIDENTIAL Material, and Retention by Counsel</u>

a. This Stipulated Protective Order shall continue in effect after the conclusion of this action.

b. Within 7 calendar days after the conclusion of this action and the Hurd matter in their entirety, all parties and persons having received CONFIDENTIAL Material shall dispose of all such material either by (1) returning such material to counsel for the Producing Party, or (2) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person.

c. Counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product (except for certain litigation databases, as set forth in the second sentence of this subsection), including such materials containing, quoting, discussing or analyzing CONFIDENTIAL Material, provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits or attorney work product to any other person unless, after reasonable prior notice to the Producing Party, the disclosing counsel has obtained permission pursuant to Court Order or by agreement with the Producing Party.

d. "Conclusion of this action" means after all appeal periods have expired or after the execution of a settlement agreement among all the parties finally disposing of this action.

12. <u>Modification of Order</u>.  Nothing in this Stipulated Protective Order shall prevent any party from applying to the Court for relief from this Order or from applying to the Court for further or additional protective orders, or from modifying this Stipulated Protective Order by mutual agreement, subject to the approval of this Court.

00227294 / 1

13.     <u>Court's Continuing Jurisdiction</u>.  This Court has continuing jurisdiction over the enforcement, interpretation, and modification of the Stipulated Protective Order. This continuing jurisdiction shall **<u>extend until termination of this case</u>**. The confidentiality obligations imposed by this Stipulated Protective Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

DONE this 20th Day of September, 2005.

BY THE COURT:

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. Magistrate Judge

APPROVED AS TO FORM:

| s/ Aaron L. Evans | s/ Susan S. Sperber |
|---|---|
| Aaron L. Evans, Esq. | Susan S. Sperber, Esq. |
| Benson & Case, LLP | Vance O. Knapp, Esq. |
| 1660 South Albion, Suite 1100 | ROTHGERBER JOHNSON & LYONS LLP |
| Denver, Colorado 80222 | 1200 17th Street, Suite 3000 |
| (303) 757-8300 | Denver, Colorado 80202 |
|  | (303) 623-9000 |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |

00227294 / 1